IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01799-PAB

RACHEL ZINNA GALAN,

    Plaintiff,

v.

JACOB BELLINSKY,

    Defendant.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge [Docket No. 15].

## I. BACKGROUND

On July 17, 2023, Jacob Bellinsky filed a pro se notice of removal from the Gilpin County District Court. Docket No. 1. On July 25, 2023, Judge Scott T. Varholak ordered Mr. Bellinsky to show cause why the case should not be remanded due to the Court's lack of subject matter jurisdiction. Docket No. 8 at 3. Judge Varholak stated that Mr. Bellinsky "appears to seek the removal of a domestic relations case from Colorado state court to this Court" because Mr. Bellinsky "seeks review of a recently filed 'Motion to Relocate Children' filed in the state-court domestic-relations proceeding." *Id*. at 2. Judge Varholak noted that "[f]ederal courts lack jurisdiction over domestic-relations cases." *Id*. (quoting *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (unpublished) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992))).

On September 5, 2023, Mr. Bellinsky filed a response to the magistrate judge's order to show cause.  Docket No. 14.

On September 18, 2023, Judge Varholak issued a recommendation to remand this case to the Gilpin County District Court due to the Court's lack of subject matter jurisdiction.  Docket No. 15 at 1, 6.  Judge Varholak stated that the notice of removal contends that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  *Id*. at 2.  However, Judge Varholak recommends that the Court remand the case because Mr. Bellinsky removed a pending child custody dispute seeking relocation of children.  *Id*. at 4.  Judge Varholak discussed how the "domestic relations exception divests federal courts of the power to issue divorce, alimony, and child custody decrees."  *Id*. at 3 (quoting *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (citing *Ankenbrandt*, 504 U.S. at 703)).  Judge Varholak noted that Mr. Bellinsky cited no authority permitting a federal court to decide a child custody dispute.  *Id*. at 4.  Furthermore, Judge Varholak stated that "Colorado law expressly contemplates state courts handling 'cases in which a party with whom the child resides a majority of the time is seeking to relocate with the child to a residence that substantially changes the geographical ties between the child and the other party.'"  *Id*. (quoting Colo. Rev. Stat. § 14-10-129(1)(a)(II)).

To the extent that Mr. Bellinsky sought to remove only the relocation motion from state court and not the entire case, the magistrate judge discussed how a "party may not remove a single *motion* from an on-going state court case to federal court."  *Id*. at 5 (quoting *Black v. Black*, No. 22-cv-03098-DDD-NRN, 2023 WL 1989793, at *11 (D. Colo. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 3976422 (D. Colo.

2

Apr. 5, 2023)).  Finally, Judge Varholak rejected Mr. Bellinsky's argument that the Court has jurisdiction to adjudicate Mr. Bellinsky's "federal grievances."  *Id*. (quoting Docket No. 14 at 5).  The magistrate judge stated that "[i]t appears that Defendant believes that he has grounds to raise constitutional or other federal claims or defenses relating to or arising out of the state court proceedings."  *Id*.  The magistrate judge explained that

> "[A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("federal jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" (quotation and emphasis removed)).  Defendant, through filing a notice of removal as opposed to a complaint, is not bringing any new claims, but [is] seeking the removal of an on-going state court matter over which this Court lacks jurisdiction.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  While a federal court may, perhaps, possess jurisdiction over a separately brought suit alleging violations of Defendant's federal rights arising out of the series of events alluded to by Defendant, this Court certainly lacks jurisdiction over the state court proceedings themselves.

*Id*. at 5-6 (footnotes omitted).  Accordingly, the magistrate judge recommends that the case be remanded to the Gilpin County District Court due to the Court's lack of subject matter jurisdiction.  *Id*. at 6.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because Mr. Bellinsky is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

On October 20, 2023, Mr. Bellinsky filed a timely objection to the magistrate judge's recommendation. Docket No. 21.[1] The Court construes Mr. Bellinsky's objection as raising two issues: 1) Mr. Bellinsky did not remove a domestic relations matter; and 2) the Court has jurisdiction over this case because Mr. Bellinsky raised numerous federal questions. Mr. Bellinsky also appears to raise several miscellaneous

---

[1] The recommendation states that any objections must be filed within fourteen days after service on the parties. Docket No. 15 at 6-7 n.4. On September 21, 2023, Mr. Bellinsky moved for an extension of time to file an objection, Docket No. 18, and the Court granted Mr. Bellinsky's motion and ordered that he could file an objection on or before October 23, 2023. Docket No. 19. Accordingly, Mr. Bellinsky's objection is timely.

4

objections to the magistrate judge's recommendation.  The Court considers each objection.

### A. Domestic Relations Exception

Mr. Bellinsky argues that the magistrate judge "disingenuously stated in his previous orders, and now falsely states again in his Recommendation, that [Mr. Bellinsky] '*appeared to seek removal of an ongoing domestic-relations matter* . . .' and therefore the federal courts '*lack jurisdiction*' under the '*domestic relations exception*' and '*must*' remand."  Docket No. 21 at 4 (internal citations omitted).  Mr. Bellinsky claims that he did not remove an ongoing domestic relations matter, but rather "removed another 'color of law' attack upon his family."  *Id*.  Mr. Bellinsky states that three individuals are "carrying out another 'color' of law crime spree" in the state case: plaintiff Rachel Zinna Galan (Mr. Bellinsky's ex-spouse); Steven James Lazar (Ms. Galan's fiancé); and Andrew Newton Hart (Ms. Galan's attorney).  *Id*. at 2.  Mr. Bellinsky argues that Ms. Galan's "relocation matter is the latest color of law crime spree" to kidnap the minor children from Mr. Bellinsky and "abscond to Florida."  *Id*. at 5.  Mr. Bellinsky maintains that he "does not ask or expect the federal court to adjudicate or render any decision affecting custody, alimony or any other divorce matter, but that his intent in the removal was and is to stop [Ms. Galan, Mr. Lazar, and Mr. Hart's] ongoing federal crimes and then to pursue the federal relief to which he is entitled."  *Id*.  Mr. Bellinsky asks the Court to "find and declare the relocation matter void."  *Id*.  Mr. Bellinsky insists that there is "no child custody dispute" because all the decisions in the state court case are void.  *Id*. at 7.  Mr. Bellinsky states that the only forum for Ms.

Galan's "relocation matter" is federal court because the state case is "void." *Id*. at 10. Accordingly, Mr. Bellinsky contends that the domestic relations exception does not apply. *Id*. at 7.

      The Court overrules Mr. Bellinsky's first objection. The magistrate judge correctly found that the Court lacks subject matter jurisdiction over this case because Mr. Bellinsky removed a domestic relations matter. "[F]ederal courts lack jurisdiction over domestic-relations cases." *Alfaro*, 766 F. App'x at 659 (collecting cases). "The domestic relations exception divests federal courts of the power to issue divorce, alimony, and child custody decrees." *Leathers*, 856 F.3d at 756. The domestic relations exception to federal jurisdiction applies in matters based on a court's federal question jurisdiction. *Winters v. Kansas Dep't of Soc. & Rehab. Servs.*, 2011 WL 166708, at *5 (D. Kan. Jan. 19, 2011) (collecting cases), *aff'd*, 441 F. App'x 611 (10th Cir. 2011) (unpublished). In the notice of removal, Mr. Bellinsky states that he "removes the current state court action described herein to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446 and 1447. Copies are attached of plaintiff's 'Amended: Motion to Relocate Children,' 'Amended Parenting Plan,' and 'Amended: Motion and Affidavit to Change Decision-Making.'" Docket No. 1 at 1. Ms. Galan's state court motion requests a "change to the Parenting Plan" and requests to relocate the children to Vero Beach, Florida. Docket No. 1-1 at 2. The Court rejects Mr. Bellinsky's characterization that this case does not involve child custody issues. The state court case involves a child custody issue seeking to modify the parenting plan and to relocate the parties' children, and therefore, the Court lacks

6

subject matter jurisdiction over this case under the domestic relations exception. *See Alfaro*, 766 F. App'x at 659; *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005). Furthermore, Mr. Bellinsky's "suggestion that federal jurisdiction exists" because the state court orders are "void" is unavailing. *Alfaro*, 766 F. App'x at 660-61 ("Federal courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (internal quotations and citation omitted)). As a result, Mr. Bellinsky's first objection is overruled.

### B. Federal Questions

Mr. Bellinsky argues that the magistrate judge ignored the "numerous, specific, valid federal questions" that he raised in the notice of removal. Docket No. 21 at 2. Mr. Bellinsky argues that Ms. Galan, Mr. Lazar, and Mr. Hart have committed numerous federal crimes, raising the following federal questions:

> a. Who is responsible for convening one or more federal grand juries to investigate?
> b. When will one or more federal grand juries be convened?
> c. Who is responsible for providing Father and his children federal crime victim services?
> d. When will Father and his children be provided federal crime victim services?
> e. Do the ongoing federal crimes justify protection orders for Father and his children?
> f. Do the federal magistrate, chief judge, US Attorney, and other federal officials in Colorado now in possession of Father's criminal complaints[] have duties of care for Father and his children which must be timely fulfilled?
> g. Now that Father has fulfilled his duty to report the federal crimes against his family to the appropriate federal officials under the federal misprision laws, how will the federal chief judge fulfill his duties to process said crimes in the federal criminal justice system?

*Id*. at 2-3.  Mr. Bellinsky argues that it is "vitally important that this federal court immediately address the federal crimes being committed – so [Mr. Bellinsky] and his children can be protected from further harm."  *Id*. at 9.  Mr. Bellinsky asserts that "an exception should be allowed for this case if [Mr. Bellinsky's] action does not fit perfectly into the language of controlling laws for removals."  *Id*. at 10.  Additionally, Mr. Bellinsky appears to attach a new complaint to his objection, *see* Docket No. 21-2, asserting "new claims" regarding Ms. Galan's "color of law kidnapping."  Docket No. 21 at 12.  The document contains this case number, 23-cv-01799-PAB, and names nine defendants, including several Colorado judges and the Chief Justice of the Colorado Supreme Court.  Docket No. 21-2.

The Court overrules Mr. Bellinsky's second objection.  The magistrate judge correctly found that Mr. Bellinsky cannot vindicate his federal constitutional rights by removing a domestic relations matter from state court.  Docket No. 15 at 5-6.  Even if Mr. Bellinsky "sought removal to vindicate his civil and constitutional rights, remand [is] still required.  Generally speaking, 'a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law.'" [2]  *Hunt*, 427 F.3d at 727 (quoting *Topeka Hous. Auth.*, 404 F.3d at 1247); *see also Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) ("in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint").  Furthermore,

---

[2] "An exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court."  *Hunt*, 427 F.3d at 727 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  However, Mr. Bellinsky's notice of removal does not suggest that § 1443 applies in this case.  *See id*.

attempts to "disguise the true nature of a domestic relations action in order to secure a federal forum" are insufficient to preclude application of the domestic relations exception. *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012) (unpublished) (internal quotations and citation omitted); *see also Ezedinma v. Douglas Cnty. Dist. Ct. - Div. 7*, No. 23-cv-01727-PAB-STV, 2023 WL 6963919, at *3 (D. Colo. Oct. 2, 2023), *report and recommendation adopted*, 2023 WL 6963068 (D. Colo. Oct. 19, 2023). Mr. Bellinsky provides no authority for his argument that the Court should recognize an exception in his case to the domestic relations exception. The Court declines to do so. Mr. Bellinsky has the "burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Mr. Bellinsky has failed to carry his burden of establishing that the Court has subject matter jurisdiction over this case.

Furthermore, Mr. Bellinsky cannot commence a new civil rights action against additional defendants by attaching a complaint as an exhibit to his objection. *See generally* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); D.C.COLO.LCivR 3.1 (Local Rules governing the commencement of an action). Accordingly, the Clerk of the Court is ordered to strike Docket No. 21-2.[3] The Court overrules Mr. Bellinsky's second objection.

### C. Miscellaneous Objections

---

[3] Mr. Bellinsky's Ex Parte Request for Forthwith Service of Process of 10-20-2023 Verified Complaint [Docket No. 24], requesting that the Court require the U.S. Marshals to effectuate service on the nine named defendants in Docket No. 21-2, is therefore denied.

Mr. Bellinsky raises several miscellaneous objections to the recommendation. First, Mr. Bellinsky argues that the magistrate judge "made no valid findings of fact, therefore invalidating his *Recommendation*." Docket No. 21 at 13. Mr. Bellinsky argues that, in order for the Court to make "legitimate" findings of fact, it must summon Ms. Galan, Mr. Lazar, and Mr. Hart to "refute [Mr. Bellinsky's] facts and rebut his evidence." *Id*. Mr. Bellinsky provides no legal support for this argument. The Court found no legal authority holding that a recommendation to remand a case for lack of subject matter jurisdiction must contain specific findings of fact. There is also no authority requiring a Court to summon the plaintiff and non-party individuals before remanding a case. As previously discussed, Mr. Bellinsky has the "burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props.*, 518 F.3d at 1189. "Federal district courts must strictly construe their removal jurisdiction." *Env't. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P*., 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted). Accordingly, the Court overrules this objection.

Second, Mr. Bellinsky argues that "[t]he dual citizenship of the parties and their eight children require special federal consideration." Docket No. 21 at 12. Mr. Bellinsky provides no legal support for this argument, and the Court has found no legal authority holding that the domestic relations exception does not apply to parties who have dual citizenship. The Court therefore overrules this objection.

Third, Mr. Bellinsky argues that the "federal courts must address the federal crimes alleged in [Mr. Bellinsky's] criminal complaints." *Id*. Mr. Belinsky argues that if "responsible federal officials fail to address the federal crimes they are, at minimum, committing misprision of felony (18 USC § 4) and treason (18 USC § 2382)." *Id*. Mr. Bellinsky suggests that this Court has a duty to "commence one or more criminal cases to address the [ ] federal crimes." *Id*. at 4. Mr. Bellinsky does not have a legal right to initiate criminal proceedings against Ms. Galan, Mr. Lazar, or Mr. Hart. "[I]t is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual." *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 3940931, at *1 (D. Colo. Aug. 21, 2019) (quoting *Price v. Hasly*, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981)); *Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished) ("a private citizen[ ] has no standing to initiate federal criminal prosecutions")). Mr. Bellinsky also cites no authority that permits the Court to initiate criminal cases. As a result, this objection is overruled.

### D. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

### IV. CONCLUSION

Accordingly, it is

11

**ORDERED** that the Order and Recommendation of United States Magistrate Judge [Docket No. 15] is **ACCEPTED**.  It is further

**ORDERED** that Defendant's Objection to Magistrate's Remand Recommendation [Docket No. 21] is **OVERRULED**.  It is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Docket No. 21-2.  It is further

**ORDERED** that plaintiff's Ex Parte Request for Forthwith Service of Process of 10-20-2023 Verified Complaint [Docket No. 24] is **DENIED**.  It is further

**ORDERED** that this case is remanded to the Gilpin County District Court as case number 2015DR7.  It is further

**ORDERED** that this case is closed.

DATED November 21, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge